Ralph C. Wilson Agency, Inc. v. Commissioner.
Ralph C. Wilson Agency, Inc. v. Commissioner
Docket No. 685-62.
United States Tax Court
T.C. Memo 1965-109; 1965 Tax Ct. Memo LEXIS 221; 24 T.C.M. (CCH) 579; T.C.M. (RIA) 65109; April 22, 1965
John H. Fildew, for the petitioner. Ralph W. Eisnaugle, Jr., for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency in petitioner's income tax for its fiscal year ended March 31, 1958, in the amount of $3,995.17 and the only issue remaining for decision is whether petitioner is entitled to deduct the amount of $7,683.03 claimed as the expense of maintenance of a residence property rented during such year to petitioner's president. All of the facts have been stipulated and are so found. The fiscal year in issue is the year ended March 31, 1958. During such year petitioner was a Michigan Corporation, 50 percent of the stock of which was owned by Ralph C. Wilson, Jr., who was petitioner's president and a member of its board of directors. *222 During such year petitioner's principal place of business was Detroit, Michigan, and its Federal income tax return for such year was filed with the district director of internal revenue at that city. Respondent's determination herein reads in pertinent part: "On your tax return you claimed as a deduction a loss of $7,683.03 representing the difference between the rental income received from your president for the rental of a residence and the expenses you paid or incurred to maintain this property. It is determined that the claimed loss is not allowable as a deduction under Section 162 or 165 of the Internal Revenue Code of 1954, or under any other provision of the Code." The petition filed herein assigned error as to the above determination. The instant case is one of a group of three related cases which were called for trial at Detroit, Michigan, on March 23, 1965. Contested issues in the other two cases were tried and such cases are now under submission. Regarding the instant case petitioner's counsel stated in open court that petitioner proposed to offer no proofs and understood that accordingly its burden of proof would not be satisfied and that a decision *223 would be entered against it. This is correct. Decision will be entered for the respondent.